(90 App. Div. 429.)

GOWANS et al. v. JOBBINS.

(Supreme Court, Appellate Division, Fourth Department. January 26, 1904.)

1. PLEADING—COMPLAINT—STRIKING OUT MATTER ESSENTIAL TO FORCE OF FACTS SOUGHT TO BE STATED.

Where the cause of action as a whole, as alleged by the complaint, was sufficient for defendant to apprehend precisely with what she was charged, it was improper to eliminate allegations so interwoven with pertinent allegations that to strike them out would measurably weaken the force of the facts sought to be stated.

2. SAME—COUNT FOR ACCOUNTING—SUFFICIENCY—BILL OF PARTICULARS.

In an action on a contract by which defendant's testator and his copartner, who had assigned to the former his interest in the contract, were to refine and sell crude glycerin furnished by plaintiffs, and to pay over half the avails, less expenses, a count in the complaint alleged that defendant

only partially accounted, and paid over to plaintiffs only 90 per cent. of the glycerin extracted from the crude product, and made false reports and incorrect statements on this basis, concealing the amount of glycerin recovered and the amount received from sales, and asked for an accounting. A bill of particulars as to wherein the statements of defendant's predecessors were false or incorrect, and wherein they failed to report the sums received, and as to like matters, was thereupon ordered. *Held,* that these facts were peculiarly within the knowledge of defendant, who was necessarily in possession of the books of account, bills, etc., relating thereto, and that plaintiffs should not therefore be required, especially before issue joined, to give the information which they could not have, and which they alleged they could not state in detail.

3. SAME—ELECTION BETWEEN COUNTS.

Another count charged that the firm misrepresented their ability and skill in refining the glycerin, and that they did not possess the same, and, reiterating the failure to account, asked for a cancellation or termination of the contract for failure to comply with its terms, and for an accounting. *Held,* that the counts were not inconsistent, and hence did not authorize an order requiring plaintiffs to elect on which cause of action they would proceed.

Appeal from Special Term, Erie County.

Action by John Gowans and others against Frances Jobbins, executrix, etc., for an accounting and other relief. From an order making the amended complaint more definite and certain, striking out certain parts thereof, and requiring plaintiffs to elect on which cause of action they would proceed, and granting other relief, plaintiffs appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Adelbert Moot, for appellants.

Seward A. Simons, for respondent.

SPRING, J. The plaintiffs are soap manufacturers in the city of Buffalo, and in 1896 and thereafter Jobbins & Van Ruymbeke were chemical manufacturers in Illinois. The latter claimed to own a valuable process for refining crude glycerin extracted from waste lye. The two firms entered into a written agreement, which is attached to the complaint, whereby the plaintiffs were to concentrate the crude glycerin from the soap lye, send it to the manufacturers in Illinois, who were to refine it, and sell it, and pay over to the plaintiffs one-half of the avails, less expenses, set out in the agreement. The agreement was of the date of January 4, 1896, and the parties have since been operating under it. Van Ruymbeke assigned his interest to his copartner, Jobbins. The latter died since the commencement of the action, and his executrix has been substituted as defendant.

The complaint contains two distinct causes of action. The first, after a recital of the facts, charges, in substance, that the defendant accounted and paid over to the plaintiffs only 90 per cent. of the glycerin extracted from the crude product, and falsely reported and made incorrect statements to the plaintiffs upon that basis, concealing the amount of glycerin which they recovered and the actual amount of money which they received from the sales of the product, and asks for an accounting. The court below has stricken out certain alle-

gations, and required a bill of particulars, or that the complaint defi-
nitely state in detail as to certain other facts or averments contained
in the complaint. The cause of action as a whole is clearly enough
set out, so that the defendant can apprehend precisely with what
she is charged, and the allegations eliminated by the order are so in-
terwoven with pertinent allegations that to strike them out in a
measure weakens the force of the facts which the pleader is endeav-
oring to state. The bill of particulars ordered pertains to requiring
wherein the statements of the defendant's predecessors were false or
incorrect, wherein they failed to report the sums actually received,
and matters of a kindred nature. All of these facts are peculiarly
within the knowledge of the defendant. The books of account, the
shipping and other bills, the data, documentary in form, must necessa-
rily be in the possession of the defendant. At this stage of the case,
at least, with no issue joined, the plaintiffs ought not to be required
to give information which they cannot have, and which they allege
they cannot state in detail. From the nature of the cause of action,
the plaintiffs are likely to be largely dependent upon the books of ac-
count and other documentary proof which are in the custody of the
defendant, and to the inspection of which they may be entitled by rea-
son of the joint interest of the parties in the venture and its profits.
We think the court erred in requiring the plaintiffs either to state defi-
nitely in the complaint these facts, or accompanying the pleading
with a bill of particulars furnishing this information.

The second cause of action is founded upon a different theory.
By the terms of the agreement of the parties, Jobbins & Van Ruym-
beke, as noted, were to refine this glycerin product, and the agree-
ment was to continue in force "and be binding upon each party to the
other party so long as the said first party [Jobbins & Ruymbeke]
faithfully fulfill their within-named obligations to the said second
party [plaintiffs herein]." The complaint charges that Jobbins &
Van Ruymbeke represented they possessed skill as chemists, and that
their patent process would concentrate the crude glycerin from the
waste soap lyes, and refine the product, so that the glycerin, which
was the valuable result of the process, could be extracted; and, fur-
ther, that the plaintiffs relied upon these representations. The com-
plaint avers that said firm did not possess the requisite skill in refin-
ing the crude increment. This count contains the allegations reiter-
ated of the failure to account properly for the avails of the sales, and
asks for the cancellation or termination of the contract by reason of
such failure upon the part of the defendant to comply with its terms,
and for an accounting. The court at Special Term has required the
plaintiffs to elect upon which of these causes of action they will pro-
ceed. We do not regard them as inconsistent. The cancellation of
the contract and the sale of the joint property might follow as a nat-
ural incident of findings establishing that the defendant had falsely
reported its sales to the injury of the plaintiffs, and that she or her
predecessors in interest have substantially failed to perform the agree-
ment. A new action could be commenced based upon such findings
of a substantial failure to meet the obligations assumed in the agree-
ment; but all the rights of the parties can be taken care of in the one

equitable action instead of commencing anew. In order to comprehend this cause of action, or to make it complete or consistent, it is not necessary to strike out the allegations which have been eliminated by the order appealed from.

Nor do we deem it judicious at this stage of the case to compel plaintiffs to furnish a bill of particulars as to the chemical tests made, or as to any of the other matters set out in this cause of action. The bill of particulars cannot be important to enable the defendant to answer. It may be that, after the parties have defined their issues by their pleadings, that this relief will be proper, but not at present. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.